# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO, | Case No. 1:23-cv-01627-JLT-SKO |
| Plaintiff, | ORDER TO SHOW CAUSE RE: MOTION FOR DEFAULT JUDGMENT AND VACATING HEARING |
| v. | (Doc. 69) |
| PADA LY VANG dba Pada Salon, et al., | FOURTEEN DAY DEADLINE |
| Defendants. | |

## I.   INTRODUCTION

This is a civil rights action filed by Plaintiff Jose Escobedo under Title III of the Americans with Disabilities Act of 1990 ("ADA") against Defendants Giganova, L.P.; Tom Sarun doing business as Launderland; Darshan Sidhu doing business as U-D Thai Restaurant; Pada Ly Vang doing business as Pada Salon; and Jesus Maria Millan doing business as La Placita Restaurant. (Doc. 41.) Plaintiff alleges discrimination at multiple businesses within a shopping center in Fresno, California. (*Id*.) At this juncture, one non-defaulting, non-dismissed Defendant remains: Pada Ly Vang doing business as Pada Salon.

Presently before the undersigned is Plaintiff's motion for default judgment against

Defendants Darshan Sidhu and Jesus Maria Millan.[1]  (Doc. 69.)  As set forth below, the current record fails to demonstrate that Defendant Darsha Sidhu was properly served with a copy of the summons and operative complaint.  In addition, because Plaintiff seeks default judgment against Defendants Darshan Sidhu and Jesus Maria Millan while his claim against Defendant Pada Ly Vang is still pending,[2] Plaintiff's motion for default judgment implicates Rule 54(b) of the Federal Rules of Civil Procedure, which he does not address in his motion.  Accordingly, the Court now orders Plaintiff to show cause, as detailed below.

## II.    DISCUSSION

### A.    Service on Defendant Darshan Sidhu

Generally, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment.  *See J & J Sports Prods., Inc. v. Singh*, No. 1:13-cv-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (stating that if party "failed to serve [defendant] in the earlier action, the default judgment is void and has no res judicata effect in this action.").  Service of the summons and complaint is the procedure by which a court having venue and jurisdiction of the subject matter of the suit obtains jurisdiction over the person being served.  *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946); *see Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc. (Direct Mail)*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

Because he is an individual residing within the United States, Fed. R. Civ. P. 4(e) applies to Defendant Darshan Sidhu doing business as U-D Thai Restaurant.  According to the proof of service filed by Plaintiff, copies of the summons and operative complaint were personally delivered to "Kamaljit Kaur – Person In Charge" at 4579 E Kings Canyon Road in Fresno, California, on June 13, 2024.  (Doc. 44.)  This address is the same as that pleaded in the operative complaint for "U-D

---

[1] The motion is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(B).

[2] Plaintiff has filed a motion for summary judgment on his claim against Defendant Pada Ly Vang, which is pending before the assigned district judge.  (Doc. 68.)

Thai Restaurant, formerly known as Asian Kitchen." (Doc. 41 at 2.)  In his motion, Plaintiff characterizes this attempt at service as "in accordance with Fed. R. Civ. Proc. 4(e)(1) and Cal. Code. Civ. Proc. § 415.20(b)." (Doc. 69-1 at 9.)

Rule 4(e)(1) gives Plaintiff the option of serving Defendant Darshan Sidhu in accordance with California law. *See* Fed. R. Civ. P. 4(e)(1) (authorizing service on individuals in the U.S. by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); Doc. 44 (stating Defendant Darshan Sidhu was served in California). California, in turn, permits substituted service under section 415.20(b) by leaving a copy of the summons and complaint (1) at the person's usual place of business, (2) with a person apparently in charge, who is (3) at least 18 years old and (4) informed of the contents of the service documents, and (5) copies must also be mailed to the same address. *See* Cal. Code Civ. Proc. § 415.20(b). Substituted service under section 415.20(b) is only permissible, however, "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." *Id.*

Here, the proof of service's characterization of "Kamaljit Kaur" as a "Person In Charge" is wholly conclusory (and appears boilerplate). The proof of service does not include any facts to support the process server's determination that Kamaljit Kaur was the "person in charge," such as their job title, or any facts describing how substitute service was completed. Nor has Plaintiff provided additional evidence in support of such a contention. Thus, it remains unclear how the process server was able to confirm that Kamaljit Kaur was the person "apparently in charge" of Defendant Darshan Sidhu's place of business—rather than being, for example, a temporary employee, an intern, a clerk, or even a visitor. *See Block v. California-Fresno Inv. Co.,* No. 1:22-cv-01419-JLT-SAB, 2023 WL 3062112, at \*9 (E.D. Cal. Apr. 24, 2023). *Cf. Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) ("For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, '[s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party.'") (quoting *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1393 (1992) (discussing meaning of section 415.20's

3

1   'person apparently in charge thereof' language)).

2       The Court similarly cannot conclude that Kamaljit Kaur was "informed of the contents" of
3   the service documents.  The process server offers only boilerplate and conclusory statements that
4   service was effected "[b]y leaving the copies with or in the presence of Kamaljit Kaur" and "I
5   informed them of the general nature of the papers." (Doc. 44 at 2.)  Indeed, no facts are proffered
6   to show that a conversation occurred between Kamaljit Kaur and the process server, nor are any
7   facts proffered to demonstrate Kamaljit Kaur understood the significance of the documents being
8   handed to them, or that they were required to forward the documents to Defendant Darshan Sidhu.
9   Yet, "[t]his requirement is critical because if [the person who is "apparently in charge"] did not
10  know or understand the significance of the documents that [the process server] handed him, the
11  documents may have ended up in a junk pile or recycling bin, rather than in [the defendant's] hands."
12  *Bouyer v. 603 San Fernando Rd., LLC*, No. CV-20-3853-MWF (PVCx), 2020 WL 7711840, at *2
13  (C.D. Cal. Nov. 2, 2020).  "For substituted service to be reasonably calculated to give an interested
14  party notice of the pendency of the action and an opportunity to be heard, service must be made
15  upon a person whose relationship to the person to be served makes it more likely than not that they
16  will deliver process to the named party." *Produce v. Cal. Harvest Healthy Foods Ranch Mkt.*, No.
17  C-11-04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012) (internal quotation marks,
18  alteration, and citations omitted).  "[I]f service [is] improper, that may well explain the failure of a
19  defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC,
20  2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted).

21      Finally, as noted above, litigants may not turn to section 415.20(b) unless the documents
22  "cannot with reasonable diligence be personally delivered." Cal. Code Civ. Proc. § 415.20(b).  Here,
23  the service declaration is devoid of any proffers of due diligence.  "[T]he burden is upon the plaintiff
24  to show reasonable diligence to effect personal service and each case must be judged upon its own
25  facts." *Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979).  "Although there is no
26  established formula for reasonable diligence, two or three attempts to personally serve defendant at
27  a 'proper place' ordinarily qualifies as 'reasonable diligence.'" *Johnson v. Bozorghadad,* No. 17-
28  cv-06536-HSG, 2020 WL 1245122, at *3 (N.D. Cal. Mar. 16, 2020), at *3 (citation, internal

1  quotation marks, and alteration omitted).  Nothing in the service declaration indicates the process
2  server made any prior attempts to personally serve Defendant Darshan Sidhu before resorting to
3  substituted service, nor does the proof of service assert any other facts demonstrating reasonable
4  diligence.  (*See* Doc. 44 at 3.)  Thus, reasonable diligence is not established.  Cal. Civ. Proc. Code
5  § 415.20(b); *Evartt*, 89 Cal. App. 3d at 801; *Johnson*, 2020 WL 1245122, at *3.

6  Based on this record, the Court lacks sufficient information to conclude that adequate service
7  has been made on Defendant Darshan Sidhu pursuant to Cal. Code Civ. Proc. § 415.20(b), and that
8  Plaintiff has complied with Fed. R. Civ. P. 4(e)(1).

9  **B.    Fed. R. Civ. P. 54(b)**

10 A district court may order final judgment against less than all of the parties in the action only
11 if it "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Entry of
12 default judgment against fewer than all of the parties, however, is disfavored because it allows for
13 the possibility of multiple final judgments and multiple appeals.  *See Gausvik v. Perez*, 392 F.3d
14 1006, 1009 n.2 (9th Cir. 2004) ("[I]n the interest of judicial economy Rule 54(b) should be used
15 sparingly.").  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs
16 and risk of multiplying the number of proceedings and of overcrowding the appellate docket are
17 outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims
18 or parties."  *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).  *See Radical Invs.*
19 *Ltd. v. Good Vibrations Ent*. LLC, No. 22-cv-02752-MRA-AJR, 2024 WL 3512826, at *1 (C.D.
20 Cal. May 31, 2024) (Courts using their discretion to enter a default judgment as to less than all
21 defendants "must take into account judicial administrative interests as well as the equities
22 involved.") (quoting *Curtis-Wright*, 446 U.S. at 8).

23 Although Plaintiff seeks judgment against two defendants (Darshan Sidhu and Jesus Maria
24 Millan) while the action proceeds against third (Pada Ly Vang), Plaintiff has not addressed whether
25 it is appropriate for the Court to enter a judgment against only those two defendants considering the
26 requirements of Rule 54(b).  Plaintiff will be given an opportunity to do so.

27
28

### III.     ORDER

For the reasons above, the Court ORDERS Plaintiff to SHOW CAUSE within fourteen days of the date of this Order why the undersigned should not recommend that the motion for default judgment be denied without prejudice as to Defendant Darshan Sidhu doing business as U-D Thai Restaurant for ineffective service and as to both defendants for failure to address Fed. R. Civ. P. 54(b), subject to being renewed upon establishing proper service and after Plaintiff's claim has been adjudicated or otherwise resolved as to Defendant Pada Ly Vang doing business as Pada Salon.

In view of the foregoing, Plaintiff's motion for default judgment (Doc. 69) is HELD IN ABEYANCE pending further order of the Court. The hearing on the motion set for November 26, 2025, is VACATED, subject to being re-set, if appropriate.

IT IS SO ORDERED.

Dated:     **November 7, 2025**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE